## Rapp v. Caufield, et al.

(Decided September 21, 1916.)

### Appeal from Jefferson Circuit Court (Chancery Branch No. 2).

Contracts—Board and Lodging—Section 2178, Kentucky Statutes.— In an action to subject one's estate for board and lodging, evidence considered and held insufficient to show an agreement to compensate as required by section 2178 of the Kentucky Statutes, known as the "Hospitality Act."

KINNEY & THOMAS for appellant.

GEORGE CARY TABB, NICHOLAS E. DOSKER and JOHN L. WOODBURY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

This is a suit by Mary Rapp against the heirs of Hannah J. Caufield to subject the latter's real estate to a claim for board and lodging. The claim is for board and lodging from February 10th, 1903, to December 10th, 1903, at the rate of $3.00 per week, and for board from December 10th, 1903, to August 13th, 1912, at the rate of $2.50 per week, amounting in all to $1,210.00. To that portion of the claim which accrued more than five years before suit was brought the statute of limitation was inter-posed. On final hearing the chancellor dismised plaintiff's petition and she appeals.

The case is controlled by section 2178 of the Kentucky Statutes, commonly known as the "Hospitality Act," which is as follows:

"Any person other than the keeper of a tavern or house of private entertainment, who shall entertain in his house another, or furnish him with diet or storage for. his goods, not making an agreement for compensation therefor, shall not recover anything against the.

person so entertained or furnished with diet or storage, or against his estate, but the person so furnishing another shall be considered as doing the same of courtesy.''

Since plaintiff was not the keeper of a tavern or a house of private entertainment, the right to recover depends on whether or not she furnished Mrs. Caufield board under an agreement that Mrs. Caufield would compensate her therefor.

Plaintiff's evidence tends to show that Mrs. Caufield lived with her for a period of nine months, and thereafter took her meals pretty regularly with plaintiff. On this question Mrs. C. C. Harrison testified that Mrs. Caufield slept at Mrs. Rapp's and took her meals there for nine months. Thereafter she took her meals at Mrs. Rapp's for above seven years. She further stated that Mrs. Caufield told her that she would make this good with Mrs. Rapp because Mrs. Rapp had been better to her than her own children. Witness further stated that Mrs. Caufield used to sew some for Mrs. Rapp's children. A son of Mrs. Rapp testified that Mrs. Caufield took her meals with his mother the greater portion of the time for nine years and that for nine months she stayed at his mother's house, though this last statement appears to have been made upon information furnished by his father. He further testified that on one occasion after Mrs. Caufield had been to the home of her daughter she returned to his mother's house, and putting her arms around his mother's neck said, ''My God, Mrs. Rapp, let me make my home with you once more and I will make it all right with you some day.'' At that time witness was about fifteen years of age. He further said that Mrs. Caufield sometimes did sewing for his mother and that on one occasion his mother paid her for it. Mrs. Catherine Harbesmier testified that Mrs. Caufield said in her presence, but not in the presence of Mrs. Rapp, that she intended to make it all right with Mrs. Rapp. From this she understood that Mrs. Caufield would provide for Mrs. Rapp in her will. She admitted, however, that Mrs. Caufield had a house with a small kitchen, in which there were a stove and cooking utensils. She frequently saw Mrs. Rapp sew but did not know whom she was sewing for. Mrs. Virginia Walker testified that Mrs. Caufield told her that she intended to pay Mrs. Rapp for her trouble. This was not said in Mrs. Rapp's presence.

For the defendants Mrs. Lannon testified that Mrs. Caufield's house was equipped for cooking and that provisions were sometimes delivered at Mrs. Lannon's house and then taken to Mrs. Caufield's. Mrs. Lannon further stated that Mrs. Caufield bought her bread at a certain place and that she frequently sent Mrs. Caufield some soup and bread. Miss Letitia Lannon corroborates her mother. Mrs. Hortense Deeg stated that Mrs. Caufield's home was equipped for cooking meals and that she knew that Mrs. Caufield frequently bought supplies. Mrs. Banet testified that she went to Mrs. Caufield's and ate dinner there on one occasion. Miss Pauline Eckenroth testified that Mrs. Caufield kept house and took her meals at her own home; that during a period of several years she frequently loaned Mrs. Caufield money and furnished her vegetables and provisions. One summer she sent Mrs. Caufield ice. She frequently ran in on Mrs. Caufield unexpectedly and found her doing her own cooking.

Though it may be true that the law does not require in a case of this kind the same strictness of proof to establish the agreement to compensate that it does in the case of a claim for services rendered by near relatives to each other who live together for their mutual convenience, yet we think the evidence, considered in the light of the attending circumstances, falls far short of showing an agreement on the part of Mrs. Caufield to compensate plaintiff for her board. The most that can be said of the evidence is that Mrs. Caufield on a few occasions expressed her appreciation of plaintiff's kindness and indicated a purpose in some way to make it all right with her. As a matter of fact, however, no witness testified to ever hearing Mrs. Caufield say that she was boarding with plaintiff or expected to pay plaintiff board. It is not shown that Mrs. Caufield ever paid to plaintiff a single dollar as compensation for board. That plaintiff should take into her home a boarder with sufficient means to pay board and furnish that boarder meals for a period of about ten years without ever receiving any compensation therefor, or demanding a settlement of any kind during the lifetime of the boarder, must strike the average mind as being entirely inconsistent with the claim that an agreement for compensation was actually made, especially where the only evidence of that agreement is the few expressions attributed to Mrs. Caufield by the witnesses in this case. The case strikes us as one where plaintiff's

attentions to Mrs. Caufield were prompted by the hope that she would be remembered in Mrs. Caufield's will, but, not having been remembered, she put in a claim against Mrs. Caufield's estate. On the whole, we see no reason to disturb the finding of the chancellor.

Judgment affirmed.